FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 03 2015 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
JESUS HERNAN GARCIA,

                          Petitioner,

    -against-

SUPERINTENDENT OF GREAT MEADOW
CORRECTIONAL FACILITY,

                          Respondent.
----------------------------------------------------------------x

**MEMORANDUM AND ORDER**

15-CV-88 (SLT)

**TOWNES, United States District Judge:**

In November 2014, petitioner Jesus Hernan Garcia commenced this action in the United States District Court for the Southern District of New York (the "SDNY") by filing a document which appears to challenge petitioner's 2009 conviction in the Supreme Court of the State of New York, Queens County. In an order dated January 6, 2015, the Chief Judge of the SDNY construed that document as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and directed that the case be transferred to this Court. However, because petitioner has already filed at least three unsuccessful petitions for a writ of habeas corpus relating to this conviction, this Court cannot entertain this petition unless petitioner first obtains leave of the Court of Appeals to file a second or successive petition.

In addition, petitioner has not yet paid the filing fee and has been barred from filing any new *in forma pauperis* actions in this Court without first obtaining leave to do so. If petitioner wishes to continue with this action, he must either (1) pay the $5.00 filing fee or (2) move for leave to file this action and apply for permission to proceed *in forma pauperis*. However, since the Court will have to transfer the action to the Second Circuit even if petitioner pays the filing fee or persuades this Court to allow him to proceed *in forma pauperis*, it may be in petitioner's

interest to apply directly to the Second Circuit for permission to file a second or successive petition before taking either of these actions.

## BACKGROUND

In October 2009, petitioner was convicted in the Supreme Court of the State of New York, Queens County, of burglary in the second degree (a Class C felony) and sexual abuse in the first degree (a Class D felony) and sentenced to terms of imprisonment totaling 5 to 10 years' incarceration. Petitioner appealed to the Appellate Division of the Supreme Court of the State of New York, Second Department, arguing only that his sentence was excessive. *See People v. Garcia*, 94 A.D.3d 775, 941 N.Y.S.2d 516 (N.Y. App. Div. 2012). The Appellate Division affirmed his conviction on April 2, 2012, *id.*, and the New York Court of Appeals denied him leave to appeal on July 5, 2012. *People v. Garcia*, 19 N.Y.3d 973, 973 N.E.2d 766, 950 N.Y.S.2d 356 (N.Y. 2012).

Since then, petitioner has filed at least three petitions for a writ of habeas corpus. The first—*Garcia v. Griffin*, No. 13-CV-3014 (BMC)—was filed in mid-February 2013 in the United States District Court for the District of Columbia. That case was ultimately transferred to this Court, where it was dismissed with prejudice on July 17, 2013. Petitioner appealed to the Second Circuit, but that appeal was dismissed on July 7, 2014, for failure to file a motion for a certificate of appealability.

In August 2013, while the appeal was still pending, petitioner filed a second petition for a writ of habeas corpus: *Garcia v. Aquavuva*, No. 13-CV-6861 (SLT). In a memorandum and order dated March 5, 2014, this Court dismissed that petition. It does not appear that petitioner appealed.

2

In December 2013, petitioner commenced an action in the United States District Court for the Western District of New York by filing a document entitled, "Motion of Habeas Corpus for Petitioner Error Coram Nobis." That action—*Garcia v. Wenderlich*—was subsequently transferred to this Court, where it was docketed under Docket Number 14-CV-1007 (SLT). That action was dismissed on July 11, 2014, and petitioner appealed to the Second Circuit. Although the Second Circuit alerted petitioner to the need to move for a certificate of appealability and gave petitioner an opportunity to make that motion, petitioner failed to move within the time allowed and the appeal was dismissed.

In addition to these three petitions, petitioner has filed at least nine actions pursuant to 42 U.S.C. § 1983, most of which relate to petitioner's conviction. On May 6, 2014, after dismissing the ninth of these actions for failure to state a claim, this Court entered an order enjoining petitioner from filing any new *in forma pauperis* actions in this district without first obtaining leave of Court. *See Garcia v. Anastaciou*, No. 14-CV-1034 (SLT)(JMA), slip op. At 1-2 (E.D.N.Y. May 6, 2014). Petitioner appealed from the judgment in *Anastaciou*, but the Second Circuit denied petitioner's motion for leave to proceed *in forma pauperis* and dismissed the appeal.

*The Instant Action*

On or about November 9, 2014, petitioner filed in the SDNY a document entitled "Special Letter for Chief Court Federal United States." That document is addressed to Chief Judge Loretta A. Preska and requests, among other things, "advice" with respect to issues relating to petitioner's conviction. Special Letter, p. 1. However, that document also appears to challenge that conviction, asserting, *inter alia*, that petitioner was pressured into making an

incriminating statement at the 112th Precinct and that, apart from the statement, there is "no clear and convincing evidence" of petitioner's guilt. *Id.*

In a Transfer Order dated January 6, 2015, Chief Judge Preska directed that this case be transferred to this Court. That order did not grant petitioner leave to proceed *in forma pauperis*, but stated, "Whether Petitioner should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court." Transfer Order, p. 1. According to a notation placed on the docket sheet by the Clerk's Office at the SDNY, petitioner never paid the filing fee in that district or applied for leave to proceed *in forma pauperis*.

## *DISCUSSION*

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") created restrictions on the filing of "second or successive" § 2254 petitions attacking the same conviction. Specifically, AEDPA enacted 28 U.S.C. § 2244(a), which provides that "[n]o circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus." "[A] dismissal on the merits ... renders any subsequent petition second or successive within the meaning of AEDPA." *Muniz v. United States*, 236 F.3d 122, 127 (2d Cir. 2001) (internal quotation marks omitted).

AEDPA also "creates a 'gatekeeping' mechanism for the consideration of second or successive applications in district court." *Felker v. Turpin*, 518 U.S. 651, 657 (1996). Before filing a second or successive § 2254 petition in the district court, a petitioner must "move in the appropriate court of appeals for an order authorizing the district court to consider the [petition]." 28 U.S.C. § 2244(b)(3). "[W]ithout authorization from the Second Circuit, this Court has no

jurisdiction to consider" a second or successive petition. *Rivas v. Griffin*, No. 14-CV-6828 (SJF), 2014 WL 6900505, at *2 (E.D.N.Y. Dec. 3, 2014) (citing cases).

Although petitioner labeled the document which commenced this action a "Special Letter" and it addressed to Chief Judge Preska, that document principally seeks to challenge petitioner's 2009 conviction on various grounds. Accordingly, this Court construes that document as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Since petitioner has previously filed at least three prior § 2254 petitions, all of which have been dismissed, and has completely exhausted his appeals with respect to those three cases, the instant petition is second or successive. Petitioner must move in the Second Circuit for leave to file a second or successive petition before commencing this action.

If petitioner had already paid the $5.00 filing fee to commence this action, this Court would transfer this action to the Second Circuit Court of Appeals in the interest of justice. Since petitioner has not paid the filing fee, this Court cannot transfer the case unless and until petitioner either (1) pays the $5.00 filing fee or (2) moves for leave to file this action *in forma pauperis*. If petitioner does not take either action within 30 days of the date of this Memorandum and Order, the Court will dismiss this action.

The Court notes, however, that it may be in petitioner's interest to allow the Court to dismiss this action while applying directly to the Second Circuit Court of Appeals for permission to file a second or successive petition. The Second Circuit does not charge a fee for filing a motion for an order authorizing the district court to consider a second or successive habeas application. *See* http://www.ca2.uscourts.gov/clerk/case_filing/appealing_a_case/habeas_appeal/habeas_corpus.html. Accordingly, petitioner will not have to pay the $5.00 fee

or move for leave to file this action *in forma pauperis* unless the Second Circuit grants him leave to file a second or successive petition.

## CONCLUSION

In order to continue this action, petitioner must either (1) pay a filing fee of $5 by certified check or money order made payable to the Clerk of Court, U.S.D.C., E.D.N.Y., or (2) move for leave to file this action and apply for permission to proceed *in forma pauperis*. If petitioner fails to take either action within 30 days of the date of this Memorandum and Order, this action will be dismissed. For the reasons explained above, it may be in petitioner's interest to permit this action to be dismissed and to file a motion directly in the Second Circuit for an order authorizing this Court to consider a second or successive petition for habeas corpus relief. If that motion is granted, petitioner can then file another petition for a writ of habeas corpus, along with the $5.00 fee or the motion for leave to file this action and to proceed *in forma pauperis*.

**SO ORDERED.**

/s/
SANDRA L. TOWNES
United States District Judge

Dated: September 1, 2015
      Brooklyn, New York