

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
JESUS HERNAN GARCIA,

                    Petitioner,

    -against-

SUPERINTENDENT OF GREAT MEADOW
CORRECTIONAL FACILITY,

                    Respondent.
----------------------------------------------------------x

**MEMORANDUM AND ORDER**

15-CV-88 (SLT)

**TOWNES, United States District Judge:**

Petitioner Jesus Hernan Garcia, who is currently incarcerated at Upstate Correctional Facility, brings this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Although petitioner has paid the filing fee to initiate this action, the Court lacks jurisdiction over the petition because it is second and successive. Since only the court of appeals has jurisdiction to authorize the filing of a second and successive petition, the Court transfers the instant petition to the United States Court of Appeals for the Second Circuit pursuant to 28 U.S.C. § 1631.

## *BACKGROUND*

On October 19, 2009, petitioner was convicted in the Supreme Court of the State of New York, Queens County, of burglary in the second degree (a Class C felony) and sexual abuse in the first degree (a Class D felony) and sentenced to terms of imprisonment totaling 5 to 10 years' incarceration. Petitioner appealed to the Appellate Division of the Supreme Court of the State of New York, Second Department, arguing only that his sentence was excessive. *See People v. Garcia*, 94 A.D.3d 775, 941 N.Y.S.2d 516 (N.Y. App. Div. 2012). The Appellate Division

affirmed his conviction on April 3, 2012, *id.*, and the New York Court of Appeals denied him leave to appeal on July 5, 2012. *People v. Garcia*, 19 N.Y.3d 973, 950 N.Y.S.2d 356 (N.Y. 2012).

Since then, petitioner has filed at least three *pro se* petitions for a writ of habeas corpus challenging his October 19, 2009, conviction. Petitioner filed the first petition in March 2013 in the United States District Court for the District of Columbia. The case was ultimately transferred to this district, where Judge Cogan, finding the petition to be indecipherable, issued an order directing petitioner to file an amended petition. When petitioner failed to respond to that order, Judge Cogan dismissed the petition with prejudice. *See Garcia v. Griffin*, No. 13 Civ. 3014 (BMC), slip op. at 2 (E.D.N.Y. July 17, 2013). Petitioner appealed, but the Second Circuit denied petitioner's motion for a certificate of appealability, finding that petitioner "failed to show that 'jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Garcia v. Griffin*, No. 13-3071 (2d Cir. Nov. 25, 2013) (quoting *Slack v. McDaniel*, 529 U.S. 473, 478 (2000)).

In August 2013—after Judge Cogan dismissed the first petition but before the Second Circuit dismissed petitioner's appeal—petitioner filed his second petition for a writ of habeas corpus. Believing the petition to be second or successive, the Court transferred the case to the Second Circuit. *Garcia v. Aquavuva*, No. 13-CV-6861 (SLT), slip op. at 2 (E.D.N.Y. Dec. 16, 2013). Since the denial of his first petition was not yet final at the time petitioner filed the second petition, the Second Circuit transferred the case back to this Court for "whatever further action" the Court deemed appropriate. *Garcia v. Aquavuva*, No. 13-4715 (2d Cir. Jan. 27, 2014). In a Memorandum and Order dated March 5, 2014, the Court dismissed the petition.

*Garcia v. Aquavuva,* No. 13-CV-6861 (SLT), slip op. at 3 (E.D.N.Y. Mar. 5, 2014). Petitioner did not appeal.

The third petition was filed in United States District Court for the Western District of New York on December 4, 2013, and transferred to this district. Although this petition was filed shortly after the Second Circuit dismissed the appeal from the denial of the first petition, the Court did not transfer this petition to the Second Circuit but dismissed it for failure to state a claim. *Garcia v. Wenderlich,* No. 14-CV-1007 (SLT), slip op. at 2 (E.D.N.Y. July 11, 2014). Petitioner filed a notice of appeal, but did not move for a certificate of appealability. In an order dated November 21, 2014, the Second Circuit directed petitioner to file that motion by December 12, 2014. *Garcia v. Wenderlich,* No. 14-3403 (2d Cir. Nov. 21, 2014). When petitioner failed to do so, his appeal was dismissed effective December 12, 2014.

*The Instant Petition*

Sometime on or after November 9, 2014, petitioner commenced this action by filing a document entitled "Special letter for Chief Court Federal United States Question for the Laws Law 130.91(2)" in the United States District Court for the Southern District of New York (the "SDNY"). That submission consists of two handwritten pages, in which petitioner specifically requested advice and assistance from "Ms. Loretta A. Preska," whom he refers to as "Ms. Chief," "Ms. Boss," and "Boss of Law." However, the submission also appears to challenge petitioner's October 19, 2009, conviction, suggesting that a detective at the 112th Precinct pressured him into making an inculpatory statement and attaching copies of letters from a Sentencing Review Coordinator at the New York State Department of Correctional Services, which advised Acting Supreme Court Justice James P. Griffin of an error in a commitment order.

In an order dated January 6, 2015, Chief Judge Preska of the SDNY construed petitioner's submission as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *Garcia v. Superintendent of Great Meadow Corr. Facility*, No. 14-CV-9342 (LAP) (S.D.N.Y. Jan. 6, 2015). Noting that the letters from the Sentencing Review Coordinator were addressed to an Acting Justice of the Supreme Court of the State of New York, Queens County, Judge Preska reasoned that petitioner was challenging a conviction in that court. Accordingly, she directed that the petition be transferred to this Court.

In a memorandum and order dated September 1, 2015, and filed September 3, 2015, the Court noted that petitioner had not yet paid the filing fee and had been barred from filing any new *in forma pauperis* actions in this Court without first obtaining leave to do so. *Garcia v. Superintendent of Great Meadow Corr. Facility*, No. 15-CV-88 (SLT), 2015 WL 5178713, at *1 (E.D.N.Y. Sept. 3, 2015). The Court also noted that because petitioner had already filed at least three unsuccessful petitions for a writ of habeas corpus relating to his October 19, 2009, conviction, this Court could not entertain a habeas corpus petition challenging that conviction unless petitioner first obtained leave of the Second Circuit Court of Appeals to file a second or successive petition. *Id.* Although the Court explained that it might be "in petitioner's interest to permit this action to be dismissed and to file a motion directly in the Second Circuit for an order authorizing this Court to consider a second or successive petition for habeas corpus relief," rather than to pay the $5.00 filing fee or to apply to file *in forma pauperis*, *id.*, at *3, petitioner paid the $5.00 filing fee.

On November 17, 2015, the Court issued a memorandum and order directing petitioner to file an amended petition. The Court noted, *inter alia*, that petitioner did not "make clear (1) what conviction petitioner is seeking to challenge; (2) what issues petitioner seeks to raise; (3) whether those issues have been completely exhausted, or (4) whether petitioner has any basis for asserting

4

that his petition is timely." *Garcia v. Superintendent of Great Meadow Corr. Facility*, No. 15-CV-88 (SLT), slip op. at 2 (E.D.N.Y. Nov. 17, 2015). The Court enclosed a form petition which prompted petitioner for this information and directed that he return the completed form on or before December 18, 2015. *Id.* at *4.

On December 7, 2015, petitioner filed the completed form petition, seeking to challenge his October 19, 2009, conviction on several grounds. In addition, petitioner has filed at least 19 documents which purport to be motions of one sort or another. *See* ECF Documents No. 18, 20-26, 28, 31, 38, 40-43, 45, 47-48, 50-51.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires "that second and successive § 2254 applications be dismissed unless 'the claim relies on a new rule of constitutional law, made retroactive ... by the Supreme Court' or presents facts that 'could not have been discovered previously' and tend to show actual innocence." *Torres v. Senkowski*, 316 F.3d 147, 150 (2d Cir. 2003) (quoting 28 U.S.C. § 2244(b)(2)). However, AEDPA also provides that "[b]efore a second or successive application permitted ... is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244 (b)(3)(A). This provision "allocates jurisdiction to the courts of appeals, not the district courts, to authorize successive habeas motions or applications." *Torres*, 316 F.3d at 151.

The amended petition which petitioner filed on December 7, 2015, is a second and successive § 2254 application for a writ of habeas corpus. It not only challenges the validity of his 2009 conviction, but was filed after petitioner's time to seek Supreme Court review of at

least one of his three prior petitions expired. *See Whab v. United States*, 408 F.3d 116, 118-20 (2d Cir. 2005). Since only the court of appeals has jurisdiction to authorize the filing of a second and successive petition, the Court shall, in the interest of justice, transfer the instant petition to the United States Court of Appeals for the Second Circuit pursuant to 28 U.S.C. § 1631. *See Torres*, 316 F.3d at 151; *Liriano v. United States*, 95 F.3d 119, 122-23 (2d Cir. 1996).

## *CONCLUSION*

For the reasons set forth above, the Clerk of Court shall transfer the instant petition to the United States Court of Appeals for the Second Circuit. *See* 28 U.S.C. § 1631. If the Second Circuit authorizes petitioner to file a second and successive petition, petitioner shall move to reopen this proceeding under this docket number. Petitioner's motions, including those filed as ECF Documents No. 18, 20-26, 28, 31, 38, 40-43, 45, 47-48, 50-51, are denied without prejudice to renewing them if this proceeding is reopened. The Clerk of Court shall close this case.

**SO ORDERED.**

Dated: April 14, 2016
Brooklyn, New York

/s/ *Sandra L. Townes*
SANDRA L. TOWNES
United States District Judge